## C. L. ANDRUS V. THE STATE.

No. 10018. Delivered March 24, 1926,

(See motion for rehearing in Volume 105.)

**Unlawfully Practicing. Medicine—Requested Charge—Erroneously Refused.**

Where on a trial for unlawfully practicing medicine, the information and complaint charges that appellant did treat, and prescribe for W. F. Beavers, etc., it was error to refuse a requested charge of appellant that unless the defendant practiced medicine upon W. F. Beavers, or if they had a reasonable doubt thereof, to acquit the defendant. Under the information in this case appellant could only be convicted for practicing medicine upon W. F. Beavers.

Appeal from the County Court of Runnels County. Tried below before the Hon. Paul Tremmer, Judge.

Appeal from a conviction for unlawfully practicing medicine, penalty a fine of $100.00 and one minute in the County Jail.

*Ben L. Cook* of Abilene, *W. D. Jennings* of Miles, and *Praish & Crager* of Ballinger, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawfully practicing medicine, and the punishment is a fine of $100.00 and one minute in jail.

The information charges that the appellant did treat, visit and prescribe for W. F. Beavers and charge money therefor for a disease and disorder without first having obtained and received a license, etc. The court instructed the jury that the practice of medicine as defined by the State of Texas includes every method or system used in treating any disease or disorder, injury or deformity whether said treatment consists of the use of mechinical means or in the administration of drugs or by other means or methods, and further instructed them that in order for the defendant in this case to be guilty it was not necessary that he should have prescribed or administered any medicine or drugs, but told them if they believed from the evidence beyond a reasonable doubt that the defendant did on the 10th day of March, 1925, or any day thereafter up to and including the 12th day of May, 1925, in Runnels County, Texas, treat or offer to treat any disease, disorder, deformity, or injury by the application of his hands on the body of any human being and charged therefore money or other compensation, he would within the meaning of the statutes of this state be a practitioner of medicine. Immediately following this charge, the jury were instructed as follows:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence that the defendant did on the 10th day of March, 1925, or any day thereafter up to and including the 12th day of May, 1925, practice medicine in Runnels County, Texas, in violation of the provisions of the law herein given you, you will find him guilty and assess his punishment at a fine in any sum of not less than fifty dollars nor more than $500.00, and by imprisonment in the County Jail for a term not exceeding six months."

The charge nowhere instructed the jury that before the appellant could be convicted they must find that he had treated W. F. Beavers, the person whom the information charges that he did treat. The appellant levelled the following exception at the court's charge:

"Said charge is erroneous in that the jury is permitted to convict defendant whether he practiced medicine or not upon W. F. Beavers as alleged in the information; the jury being instructed that they might convict if defendant treated or offered to treat any disease in Runnels County, March 10th, 1925, or thereafter up to May 12th, 1925, the charge wholly failing to limit the offense to that charged in the information."

By special charge number one, appellant sought to have the jury told: "You are further instructed that the complaint and information in this case allege that defendant practiced medicine upon the witness W. F. Beavers, now if you find that the State has failed to establish beyond a reasonable doubt that he did practice medicine upon the said Beavers, you will acquit the defendant."

Appellant's exception as above stated to the charge was overruled and the court refused to give the special charge above quoted. In this the court was in error. Under the information in this case appellant could only be convicted in the event the jury believed beyond a reasonable doubt that he practiced medicine upon W. F. Beavers. It was his right to have the jury told this in appropriate language. The special charge refused served this purpose and it or one of similar import should have been given.

For the error above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.